**ABELSON & TRUESDALE, LLC**
By: Steven J. Abelson, Esq.
ID # SA7987
80 W Main St.
Freehold, New Jersey 07728
(732) 462-4773
Attorney for Creditor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:                                                                : 
                                                                      : Case No. 17-31054
NICHOLAS AVICOLLI                                                     :
                                                                      : Chapter 13
                                                                      :
            Debtor                                                    : Judge: Hon. Christine M. Gravelle
                                                                      :
                                                                      : Hearing Date: 12/201/2017
-----------------------------------------------------------:

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Nicholas Avicolli                               David Shaver, Esq.
985 Papen Road                                  Broge, Neumann, Fischer & Shaver
Bridgewater, New Jersey 08807                   25 Abe Voorhees Drive
*Debtor*                                        Manasquan, New Jersey 08736
                                                *Attorney for Debtor*

Albert Russo, Trustee
Standing Chapter 13 Trustee
CN 4853
Trenton, New Jersey 08650


　　　PLEASE TAKE NOTICE that Mathew Properties, through its attorney hereby objects to confirmation of the Debtor's proposed chapter 13 plan for the reasons specified below:

　　　1. A Proof of Claim is in the process of being drafted and will be filed prior the imposed deadline. Mathew Properties approximates the Debtor's liability to be $13,860.

　　　2. The Debtor's proposed chapter 13 plan fails to promptly cure the Debtor's default on pre-petition rental arrears as required by 11 U.S.C. § 365(b)(1).

　　　3. In addition, the Debtor's proposed chapter 13 plan fails to comply with 11 U.S.C. §

1322 and a review of the Debtor's schedules shows that his plan is not feasible as required by 11 U.S.C. § 1325(a)(6).

    4. Mathew Properties objects to any proposed cure which calls for a cure term in excess of 6 months. *See, e.g. In re Embers*, 184 B.R. 892 (Bankr. S.D.N.Y. 1995) (debtor's cure of default over a 29 month period would not be prompt), *See also In re PRK Enters., Inc.*, 235 B.R. 597 (Bankr. E.D. Tex 1999) (Debtor's cure over six months was deemed prompt).

    WHEREFORE, confirmation of the Debtor's proposed chapter 13 plan should be denied.

    PLEASE TAKE FURTHER NOTICE that the objecting creditor's attorney shall be appearing at the confirmation hearing and requesting a counsel fee to prosecute its objections.

Dated: 12/12/2017                                               /s/ Steven J. Abelson
                                                                               Steven J. Abelson, Esq.
                                                                               Attorney for Creditor